UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

STEVON DAVIS,

          Plaintiff,

                               CASE NO.:

vs.

TIM CREWS CONSTRUCTION
COMPANY, INC., A GEORGIA
CORPORATION, AND TIM
CREWS, INDIVIDUALLY,

          Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVON DAVIS, sues the Defendants, TIM CREWS CONSTRUCTION COMPANY, INC., a Georgia Corporation, and TIM CREWS, Individually, and alleges:

1.    Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.    Plaintiff worked for Defendants as an hourly paid construction worker from 2013 until approximately April 2016.

3.    Plaintiff worked for Defendants in Berrien County, Georgia, among other locations.

4.     Defendant, TIM CREWS CONSTRUCTION COMPANY, INC., is a Georgia Corporation that operates and conducts business in Berrien County, Georgia and is therefore, within the jurisdiction of this Court.

5.     At all times relevant to this action, TIM CREWS was an individual resident of the State of Georgia, who owned and operated TIM CREWS CONSTRUCTION COMPANY, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of TIM CREWS CONSTRUCTION COMPANY, INC.  By virtue of having regularly exercised that authority on behalf of TIM CREWS CONSTRUCTION COMPANY, INC., TIM CREWS is an employer as defined by 29 U.S.C. § 201, et seq.

6.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8.     During Plaintiff's employment with Defendants, Defendant, TIM CREWS CONSTRUCTION COMPANY, INC., earned more than $500,000.00 per year in gross sales.

9.     During Plaintiff's employment with Defendants, Defendant, TIM CREWS CONSTRUCTION COMPANY, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10.     Included in such goods, materials and supplies were vehicles, computers, office equipment, construction equipment and supplies, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11.     Therefore, Defendant, TIM CREWS CONSTRUCTION COMPANY, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12.     At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff the correct overtime rate for his overtime hours recorded and by failing to pay overtime compensation for all overtime hours worked.

13.     During his employment with Defendants, when overtime hours were recorded for Plaintiff, Defendants only paid Plaintiff his regular hourly rate for such overtime hours.

14.     Such a pay practice violates the FLSA.

15.     Additionally, during his employment with Defendants, Plaintiff was not paid for all hours worked.

16.     Specifically, Plaintiff was required to come to the shop each day to begin his job duties, but would typically not be paid for the time spent working at the shop or the time then spent travelling to the first worksite of the day.

17.     Such time is compensable under the FLSA.

18.     As a result of this pay practice, Defendants have also violated the FLSA by failing to pay Plaintiff for all overtime hours worked.

3

19.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

20.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21.     Plaintiff was entitled to be paid overtime compensation during his employment with Defendants.

22.     During his employment with Defendants, Plaintiff was not paid overtime compensation for all overtime hours worked and was not paid at the correct overtime rate for overtime hours actually recorded.

23.     Defendants did not have a good faith basis for their failure to pay Plaintiff complete and proper overtime compensation for all overtime hours worked.

24.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete and proper overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

25.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STEVON DAVIS, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all

further relief that this Court determines to be just and appropriate.

Dated this 15th day of November, 2016.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 245-3401
Email:       RMorgan@forthepeople.com
***Attorneys for Plaintiff***